UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LOUISIANA SPORTSMEN ALLIANCE L.L.C.
    *Plaintiff*                                      CIVIL ACTION NO._____

VERSUS

                                                   JUDGE DEE DRELL

TOM VILSACK in his Official Capacity as
U.S. SECRETARY OF AGRICULTURE, the U.S.
DEPARTMENT OF AGRICULTURE, and
ELIZABETH AGPAOA
    *Defendants*                                    MAGISTRATE JUDGE KIRK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' ORIGINAL COMPLAINT FOR
PRELIMINARY INJUNCTION, PERMANENT INJUNCTION AND
DECLARATORY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes Louisiana Sportsmen Alliance, L.L.C. ("LSA"), a Louisiana limited liability company, and for its Complaint for a Preliminary Injunction, Permanent Injunction and Declaratory Judgment against Tom Vilsack, in his Official Capacity as Secretary of the United States Department of Agriculture, the United States Department of Agriculture, and against Elizabeth Agpaoa, in her official capacity as the Southern Regional Forester (Region 8) and respectfully avers as follows:

## Overview

1.

This suit seeks an injunction to preserve the rights of the members of Plaintiff's hunting organization, and allowing them to continue the ability to hunt deer with dogs on Kistachie National Forest, as hunters have done for hundreds of years, as irreparable harm will result, for years to come, if hunting is not allowed on Kistachie National Forest for the 2012 season.

2.

The order requested by the Plaintiff is directed to the Secretary of and the Department of Agriculture (referred to herein interchangeably as the "Secretary" or the "Defendant") who oversees the operation of the United States National Forests, and the U.S. Forest Service and against Elizabeth Agpaoa, in her official capacity as the Southern Regional Forester (Region 8) ("Agpaoa").

3.

The effect of the order is to require the Defendants to: (a) honor federal law regarding the process for implementing changes to Forest Plan governing Kisatchie National Forest, and (b) cease and desist from prohibiting the hunting of deer with dogs on Kistachie National Forest, all as more fully described herein.

## Parties

4.

Plaintiff herein is Louisiana Sportsmen Alliance, L.L.C., a Louisiana limited liability company with its registered office and principal place of business in Dry Prong, Grant Parish, Louisiana, individually and on behalf of its 582 members.

5.

Made Defendant herein are Tom Vilsack ("the Secretary" or "Defendant"), in his capacity as Secretary of the United States Department of Agriculture, and also the United States Department of Agriculture (hereinafter, "USDA"), the executive department that oversees Kisatchie National Forest and Elizabeth Agpaoa, in her official capacity as the Southern Regional Forester (Region 8).

## Jurisdiction and Venue

6.

This Court has jurisdiction over this matter pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Federal Question Statute, 28 U.S.C. § 1331.

7.

Plaintiff has exhausted its administrative remedies, and received a final decision of the USDA October 27, 2012, prohibiting the use of dogs to hunt deer on Kisatchie National Forest.

8.

Venue is proper in the Western District of Louisiana under 28 U.S.C. § 1391(b)(2) and (e)(1)(B), because the events at issue and the federal property at issue are located in this district and the Plaintiff is domiciled in this district.

## Statement of the Case

9.

Defendants' actions pose a very real and imminent threat to the Plaintiff's ability to exercise its rights, and the rights of its members, to use the Kisatchie National Forest for hunting deer using dogs, which is a historic method of hunting deer. The Kisatchie National Forest is owned by the citizens of the United States and it should be available for the use and enjoyment of its citizens. Furthermore, this type of hunting is consistent with Louisiana law.

10.

This action for injunctive relief arises from Defendant's unlawful decision to ban hunting with the use of dogs on the Kistachie National Forest. These actions were unlawful for a myriad of reasons, all of which are described in more detail herein. The Secretary allowed this change to the Kisatchie

National Forest's Forest Plan, even though the reviewing office admitted that data supporting the plan was lacking.  If this Plan is allowed to stand, Plaintiff's procedural and substantive due process rights and the time honored principle of fundamental fairness will be violated, since Plaintiff will not have any avenue to challenge the data, should it ever be submitted.  To date, Plaintiff has not been notified that the instructions have been followed.

11.

This is the second time Kisatchie National Forest (also referred to as "KNF") has attempted to completely ban the hunting of deer with the help of dogs.  The attempt to amend the Forest Plan, dated December 16, 2010, was rejected by the Forest Service for a number of reasons, and dog-deer hunting was allowed for the 2011 hunting season.  See USDA Forest Service File Code 1570, Decision dated July 11, 2011 (attached hereto as Exhibit "A").

12.

KNF attempted to shore up the reasons to support its goal of banning dog-deer hunting, and it re-issued its Forest Plan with the ban, even thought the second attempt had lesser merit than the first attempt.

13.

Plaintiff and its members participated in the comment period for the original Forest Plan Amendment and in the second Plan Amendment, and at all times opposed the proposed change in their hunting rights.

14.

The decision at issue in this case is second proposed plan amendment – the "Decision Notice & Finding of No Significant Impact – Kisatchie National Forest Plan Amendment #9 Prohibiting Dog-Deer Hunting," issued by the KNF, dated February 29, 2012, and published in the Alexandria Daily Town

Talk at some later date. That Decision was issued by defendant Elizabeth Agpaoa. A copy of that "Decision" is attached as Exhibit "B" (referred to herein as the "Decision").

15.

Plaintiff and its members timely appealed the Decision through the administrative process, through a letter dated April 2, 2012.

16.

The USDA affirmed the plan amendment "with instructions" in an Appeal Decision dated September 28, 2012. That Appeal Decision is attached as Exhibit "C" (referred to as the "2012 Decision").

## COUNT I

## Injunctive Relief

17.

The allegations of the foregoing paragraphs are incorporated herein by reference.

18.

The 2012 Decision indicates that it will not be in effect until the "instruction" items are completed. See 2012 Decision p. 2 ("This decision will not be implemented until the instructions are complete."). Nevertheless, the KNF has told hunters that there will be no dog-deer hunting allowed next month. The posted season is December 6, 2012 - January 13, 2013.[1] Plaintiff's members should be allowed to hunt because the 2012 Decision is not effective yet, and an injunction against the new rule should be issued as they have not been notified by the Defendants that the instructions have been followed and accepted by the USDA.

---

[1] See http://www.wlf.louisiana.gov/hunting/deer/seasons

19.

A temporary, preliminary and permanent injunction should also be granted because the 2012 Decision, on its face, admits that the proposed Forest Plan did not comply with the law. It is an affront to the due process rights of Plaintiffs that a deficient plan (the second bite at the apple) is to be implemented, at some time in the future, with no right to challenge the corrections of deficiencies.

20.

In particular, the 2012 Decision found the following substantive deficiencies, which were promptly excused:

1. The Finding of No Significant Impact ("FONSI") is deficient because there "is no discussion of the context of the action. Such a discussion would address the significance of an action in several contexts, such as society as a whole, the affected region, the affected interests, and the locality. See 40 CFR 1508.27. I find that the FONSI in the new decision fails to meet the content requirements of 40 CFR 1508.27 and FSH 1090.15 section 43.1 by not disclosing consideration of context in making the finding." 2012 Decision, Attachment 1, page 1.

2. "Upon review of the appeal record, I find no evidence to support the conclusions in the DN that use of modern technology in dog-deer hunting can lead to more interference with other users, in violation of 40 CFR 1502.24. The environmental analysis should provide information to support the conclusion, or this conclusion should be removed from the DN." 2012 Decision, Attachment 1, page 2.

3. "I find that the EA violates 40 CFR 1502.24 because the information in the RA and appeal record does not support the conclusions of the DN and the EA related to dog-deer hunters and violations, particularly those related to public safety. The Responsible Official follows the requirements of 40 CFR 1502.22 for unavailable information. However, in addition to stating that such information is incomplete or unavailable, the EA must also include a statement of the relevance of the incomplete or unavailable information to evaluating reasonably foreseeable significant adverse impacts on the human environment. I instruct the Responsible Official to include in the environmental analysis document information regarding violations that were committed directly by dog-deer hunters during the dog-deer season or to fully fulfill the requirements of 40 CFR 1502.22 and explain the relevance of the unavailable information to evaluating reasonably foreseeable significant adverse impacts on the human environment." 2012 Decision, Attachment 1, pages 3-4.

4. "[I]t is unclear why the Responsible Official chose to conduct an analysis using both the [Louisiana Department of Wildlife and Fisheries] and NVUM data to create an upper (983 dog-deer hunters on KNF) and lower scenario (660 dog-deer hunters on KNF), versus just using one set of data. I find the Responsible Official should explain the rationale for why the two sets of data were used to conduct the analysis." 2012 Decision, Attachment 1, page 4.

5. "I find the map of land depicting where dog-deer hunting is allowed in Mississippi should be corrected" 2012 Decision, Attachment 1, page 5.

21.

It was arbitrary and capricious for the USDA to ban dog-deer hunting given the deficiencies and violations of law in the proposed Forest Plan. The plan should have been rejected (again) because it did not comply with the law. This Court should vacate the agency action below because the decision was "arbitrary, capricious, and abuse of discretion, [and] otherwise not in accordance with law." 5 U.S.C. § 706(2)(a).

22.

It was also arbitrary and capricious for the USDA to refuse to reject the Forest Plan based on the following issues raised by Plaintiff in its appeal:

1. During the original comment period, of the 1237 responses **74%** opposed the action of KNF – they opposed the ban on dog-deer hunting. Amazingly, that fact is not disclosed in the Decision. When the comment period was reopened, of the 1279 letters received **only 5 supported the ban**. That important information was not discussed in the opinion, and is simply ignored because it does not support the desired outcome. The KNF let the complaints of a few outweigh the rights of the many.

2. There are no documented prosecutions of dog-deer hunters for any of the alleged "bad behavior" used to support the ban. It is admitted in the Environmental Assessment ("EA") that investigators could not establish anything other than complaints, most of which were unsubstantiated or could not be attributed as a matter of fact to dog-deer hunters. There were no documented complaints until the KNF sent its officers out to try to get something to beef up its decision; even then they could only get 6 statements. No attempt was made to quantify the number of incidents, nor is there any comparison to the complaints received relating to other types of hunters. Read in isolation, it would appear that the KNF believes that all dog-deer hunters are hooligans, and that all other hunters are saints.

3. The USDA ignored the research Plaintiff submitted which showed that if dogs do scare off deer from an area, they return in a short period of time. See e.g., D'Angelo, et al, "Effects of Controlled Do Hunting on Movements of Female White-tailed Deer," Proc. Annu. Conf Southeast Assoc. Fish and Wildl. Agencies 57:317-325.

4. The EA is biased in favor of the ban on dog-deer hunting. There is no discussion of alternative law enforcement options. From the information provided, it is impossible to determine what number or percentage of dog-deer hunters are causing trouble. There is no discussion of the social impact of the loss of "one of Louisiana's Living Traditions." EA p. 54. The alternative presented is simply, "go hunt in Mississippi." Mississippi hunters "feel that hunting conditions in Mississippi are already too overcrowded and the addition of Louisiana dog-deer hunters would worsen the problem." EA p. 55.

5. The Decision arbitrarily singles out one form of deer hunting, without making any comparison to other forms of deer hunting, or to the use of other types of hunting dogs, and is conclusion-driven.

6. The Decision finds a significant negative financial impact on the local economy and then promptly ignores it.

7. The Decision fails to properly balance the cultural and historical needs of the locality. It admits that this historical form of hunting will be decimated, but doesn't balance that loss against any other factors or give it any weight in the decision.

8. From October 2009 through October 2011, the KNF received comments, which were 14% for the ban and 86% against it. The USDA has ignored the overwhelming sentiment of users of the National Forest.

9. The Decision fails to follow the Forest Service Manual, because it (a) does not meet the overall use objectives, (b) prohibits a form of hunting allowed under Louisiana law, (c) violates the requirement that the KNF "instill an appreciation of the nation's history, cultural resources and traditional values, (d) fails to be part of a coordinated effort with private, state and local entities relative to the harvest of wildlife, (e) is not based on data that could have been gathered, but instead KNF said that such data was not available and assumed that the data would support the ban, (f) does not provide a diverse set of hunting opportunities, as one form is banned, (g) fails to recognize the State of Louisiana's role in wildlife management, (h) fails to involve research and other scientists to formulate an alternative to a complete ban, (I) the KNF is subject to state laws on hunting unless there is a safety or conservation reason, and there was no real safety reason.

10. The Decision fails to properly weigh competing recreational activities as required by regulations.

11. The Decision did not consider obvious alternatives–even those mentioned in the research literature cited by KNF.

12. The Decision does have a "significant impact," as the social and financial impact will be substantial.

13. The Decision is contrary to the instructions given in the first appeal, and is contrary to FSH 1909.15 section 43.21, as there is no discussion of how the differing factors were weighed and counted. For example, it was decided that the "social benefits" to others outweigh the burden on hunters, without any explanation or qualification.

14. In violation of 40 CFR § 1508.27, there is no weight given to the public sentiment and comments which overwhelmingly opposed the ban.

15. The Decision did not seriously consider the alternative of a smaller hunting space, which would have had a minimal social and economic impact.

## COUNT II

### Declaratory Judgment

23.

The allegations of the foregoing paragraphs are incorporated herein by reference.

24.

For the reasons stated above, Plaintiff is entitled to a declaratory judgment that the actions of KNF and of the USDA are arbitrary and capricious and that the Forest Plan Amendment is contrary to law.

## COUNT III

### Attorneys Fee and Costs

25.

The allegations of the foregoing paragraphs are incorporated herein by reference.

26.

Should Plaintiff be successful, it is entitled to attorneys' fee and costs under the Equal Access to Justice Act.

WHEREFORE, Plaintiff prays that after due proceedings:

1. That it be granted a preliminary and permanent injunction against the KNF and USDA's implementation of this Forest Plan Amendment which bans the hunting of deer with dogs, as the KNF has not complied with the relevant laws and procedures;

2. That the process of the USDA has deprived Plaintiff of its right to challenge the ultimate report and recommendations of the KNF;

3. That Plaintiff is entitled to a declaratory judgment that the Forest Plan Amendment and the approval by the USDA were contrary to law;

4. That Plaintiff be awarded attorneys' fees and costs; and

5. That the Court award and all further legal, general, equitable and other relief to which the Plaintiff is entitled.

> Respectfully submitted,
>
>   */s/ Charles D. Elliott*
> **Charles D. Elliott**      (**#22355**)
> Vilar & Elliott, L.L.C.
> P.O. Box 12730
> Alexandria, LA 71315-2730
> Telephone: (318) 442-9533
> Facsimile: (318) 442-9532
>
> **ATTORNEYS FOR LOUISIANA SPORTSMEN ALLIANCE L. L. C.**